UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AMANDA C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:19-cv-00539-JAW |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of | ) |
| the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER AFFIRMING AND ADOPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On August 31, 2020 the United States Magistrate Judge filed his report and recommended decision in this case. *Report and Recommended Decision* (ECF No. 18) (*Recommended Decision*). On September 11, 2020, the Plaintiff, Amanda C., filed an objection to the recommended decision. *Pl.'s Objs. to the Recommended Decision* (ECF No. 19) (*Pl.'s Obj.*). The Commissioner of the Social Security Administration (SSA) filed his response to Ms. C.'s objection on September 25, 2020. *Def.'s Resp. to Pl.'s Objs. to the Magistrate Judge's Report and Recommended Decision* (ECF No. 20) (*Def.'s Resp.*). The Court reviewed the Magistrate Judge's recommended decision, together with the entire record. The Court reviews objections to a recommended decision de novo. *See* FED. R. CIV. P. 72(c) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Borden v. Sec'y of Health and Human Servs.*, 636 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to a de novo review by the district court of the *recommendations to which*

*he objected . . .*") (emphasis in original).  At this stage in a Social Security case, the Court, like the Magistrate Judge, reviews the administrative law judge's (ALJ) decision de novo for legal error.  *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  The ALJ's "findings of fact are conclusive if supported by substantial evidence."  *Id.*

Applying this standard, the Court concludes that only one objection merits further discussion.  Ms. C. raises one objection to the ALJ's decision not in her Statement of Errors.  *Compare Pl.'s Statement of Errors* at 1-19 (ECF No. 13) (*Pl.'s Statement of Errors*), *with Pl.'s Objs. to Recommended Decision* at 1-11 (ECF No. 19).  Specifically, in her objection, she avers that when determining her residual functional capacity, the ALJ "failed to properly consider the symptoms caused by [her] multiple severe spine impairments without the added impact of her extreme obesity."  *Pl.'s Obj.* at 4.  Ms. C. asserts that the ALJ "was thus required to assess the resulting symptoms in combination **without her obesity**."  *Id.* at 5 (bold in *Pl.'s Obj.*).

First, Ms. C. waived this objection to the ALJ's decision by failing to raise it before the Magistrate Judge.  *See Borden*, 836 F.2d at 6 ("Parties must take before the magistrate, not only their best shot but all of their shots") (internal citations omitted).

Second, even assuming Ms. C. had not waived this objection, she is incorrect.[1] Ms. C. provides no support for her position and the Court finds none.  The relevant

---

1  In her Statement of Errors, Ms. C. makes precisely the opposite point:

2

Social Security Administration regulation provides that residual functional capacity is "the most [a person] can do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2020).[2] This regulation requires that the ALJ assess "the total limiting effects of [a claimant's] impairment(s), even those that are not severe . . . ." *Id.* § 416.945(e). As the First Circuit explained, when a Social Security claimant's impairments do "not meet the conditions for a listed impairment, the ALJ's next task [is] to determine [the claimant's] 'residual functional capacity based on all the relevant medical and other evidence in [the] case record.'" *See Purdy v. Berryhill*, 887 F.3d 7, 11 (1st Cir. 2018) (Souter, J.) (quoting 20 C.F.R. § 416.920(e)). Thus, the ALJ had no obligation to consider Ms. C.'s spinal impairments in isolation from her obesity.

In conclusion, the Court made a de novo determination of all matters adjudicated by the recommended decision. The Court affirms and adopts the recommended decision and the Commissioner's initial decision and determines that no further proceeding is necessary for the reasons contained in the recommended decision and supplemented herein.

---

> An assessment of the combined impact of impairments is required when there are several impairments that contribute to a claimant's functional deficits. This assessment is not discretionary.

*Statement of Errors* at 7.

[2] Both the Commissioner and Ms. C. cite 20 C.F.R. § 404.1526 *et seq.* as the relevant regulations. *See Def.'s Resp.* at 5 ("The governing regulation requires the adjudicator to consider the '[t]otal limiting effects' of all of Plaintiff's impairments. 20 C.F.R. § 404.1545(e)"); *Pl.'s Obj.* at 5 (citing 20 C.F.R. § 404.1526). Those regulations govern Social Security Disability Insurance (SSDI), which is governed by Part 404 of title 20 of the C.F.R. However, Ms. C. applied for Supplemental Security Income, which is governed by Part 416 of title 20 of the C.F.R. *See Recommended Decision* at 1 ("On Plaintiff's application for supplemental social security benefits. . . "). Even though the regulations at-issue, 20 C.F.R. § 404.1545 and 20 C.F.R. § 416.945 are identical, the correct citation is § 416.945.

For the reasons contained in the Recommended Decision and this Order, the Court adopts and affirms the Recommended Decision (ECF No. 18).

1. It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge (ECF NO. 18) is hereby **AFFIRMED** and **ADOPTED**.

2. It is further **ORDERED** that the Commissioner's decision be and hereby is **AFFIRMED**.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2020